4113 MJM; SI189

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT O'BRIEN and NICHOLAS MARTIN, Individually, and on behalf of all others similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No: 10 CV 2991 |
| PIZZA PANINOS, INC. d/b/a PANINO'S PIZZERIA, an Illinois Corporation, and DOES 1-10, | ) ) ) ) | |
| Defendants. | ) | |

## ANSWER TO PLAINTIFF'S AMENDED CLASS ACTION COMPLAINT

NOW COMES Defendant, PIZZA PANINO'S, INC. d/b/a PANINO'S PIZZERIA, an Illinois Corporation, by and through its attorneys, PURCELL & WARDROPE, CHTD., and for its Answer to Plaintiff's Amended Class Action Complaint, hereby states as follows:

### INTRODUCTION

1.    Plaintiffs bring this action to secure redress for the violation by Defendants of the Fair and Accurate Credit Transactions Act ("FACTA") amendment to the Fair Credit Reporting Act ("FCRA")

> **ANSWER:**    Paragraph one is a statement of intention to which no answer is required. To the extent any answer is required, this defendant admits that the plaintiffs attempt to bring a claim for violation of the Fair and Accurate Credit Transaction Act (FACTA), but denies that plaintiffs have done so, denies any violation of the act by this defendant and denies plaintiffs have alleged or sustained any damages.

2.     One provision of FACTA, codified as 15 U.S.C. § 1681c(g)(1), provides that:

> **...no person that accepts credit cards or debit cards for the transaction of business shall print more than the last five digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of sale or transaction.**
> 15 U.S.C. § 1681c(g)(1).

**ANSWER:**     Defendant admits that the FACTA in part provides as quoted in Paragraph 2 of the plaintiff's Complaint.

3.     The law gave merchants who accept credit cards and/or debit cards up to three years to comply with its requirements, requiring full compliance with its provisions no later than December 4, 2006. Defendants have negligently, recklessly and/or willfully violated this law and failed to protect Plaintiffs, and others similarly situated, against identity theft and credit card and debit card fraud by continuing to print the expiration date of the card number on receipts provided to debit card and credit card cardholders transacting business with Defendants.

**ANSWER:**     The defendant admits that FACTA lists various requirements as to the time for compliance by merchants, but denies that the Plaintiffs have accurately stated the law and denies the remaining allegations of Paragraph 3.

4.     Plaintiffs bring this action against Defendants based on Defendants' violation of 15 U.S.C. § 1681 *et seq.* Plaintiffs seek statutory damages, attorney's fees, and costs.

**ANSWER:**     Paragraph four is a statement of intention to which no answer is required. To the extent any answer is required, the defendants admit that the plaintiffs attempt to bring a claim for violation of the Fair and Accurate Credit Transaction Act (FACTA), but denies that the plaintiffs have done so, denies any violation of the act by this defendant and denies that the plaintiffs have alleged or sustained any damages.

2

## PARTIES

5.    At all relevant times, Plaintiff ROBERT O'BRIEN was a resident of Illinois.

> **ANSWER:**    This answering defendant has insufficient information to form a belief as to the truth or falsity of the allegation of Paragraph 5 and therefore denies the same.

6.    At all relevant times, Plaintiff NICHOLAS MARTIN was a resident of Illinois.

> **ANSWER:**    This answering defendant has insufficient information to form a belief as to the truth or falsity of the allegation of Paragraph 6 and therefore denies the same.

7.    At all relevant times, Defendant PIZZA PANINOS, INC. ("PANINOS") was an Illinois Corporation that, upon information and belief, owned, controlled, operated, managed and did business as "Panino's Pizzeria" located at 3702 North Broadway, Chicago, IL 60613.

> **ANSWER:**    This defendant admits the allegations of Paragraph 7.

8.    At all relevant times, Defendant PANINO'S was a company that accepted credit cards or debit cards for the transaction of business within the meaning of FACTA.

> **ANSWER:**    This defendant admits the allegations of Paragraph 8.

9.    Defendants Does 1-10 are individual officers, directors employees and agents of Defendant who authorized, directed or participated in the violations of law complained of. Plaintiffs do not know who they are.

**ANSWER:** This Defendant denies that any individual officers, directors, employees or agents of the Defendant authorized, directed or participated in violations of Law.

## JURISDICTION AND VENUE

10.     This Court has subject matter jurisdiction under 28 U.S.C. §1331 (general federal question), and 15 U.S.C. §1681p (FCRA).

**ANSWER:**     This defendant admits the allegations of Paragraph 10.

11.     Venue in this District is proper because Defendants transact business in the District and are deemed to reside here.

**ANSWER:**     This Defendant admits that it transacts business in this District but denies the remaining allegations of Paragraph 11.

## FACTS

12.     On February 27, 2010, Plaintiff ROBERT O'BRIEN received from Defendants at the point of sale at their establishment, a computer-generated cash register receipt which displayed the last four digits of the Plaintiff's credit card number as well as the card's expiration date.

**ANSWER:**     This answering defendant has insufficient information to form a belief as to the truth or falsity of the allegations of Paragraph 12 and therefore denies the same.

13.     On April 18, 2010, Plaintiff NICHOLAS MARTIN received from Defendants at the point of sale at their establishment, a computer-generated cash register receipt which displayed the last four digits of the Plaintiff's credit card number as well as the card's expiration date.

**ANSWER:** This answering defendant has insufficient information to form a belief as to the truth or falsity of the allegations of Paragraph 13 and therefore denies the same.

14. On information and belief, it is possible for thieves to replicate a credit card number using the last four digits of the card number and the expiration date.

**ANSWER:** This defendant denies the allegations of Paragraph 14.

## CLASS ALLEGATIONS

15. Plaintiffs bring this action on behalf of a class pursuant to Fed.R.Civ.P. Rule 23(a) and (b)(3).

**ANSWER:** Paragraph 15 is a statement of intention to which no answer is required. To the extent any answer is required, this Defendant admits that the plaintiffs attempt to bring a Class Action Lawsuit, but denies that the plaintiffs have done so, denies that the plaintiffs are proper class representatives and deny that this matter should be certified as a Class Action.

16. The class is defined as all persons to whom the Defendants provided an electronically printed receipt at the point of sale or transaction, in a transaction occurring in Illinois after June 3, 2008, which receipt displays the expiration date of the person's credit card or debit card.

**ANSWER:** This defendant denies that this matter is appropriate as a Class Action and denies that the class as defined in Paragraph 16 would be an appropriate class.

17. The class is so numerous that joinder of all individual members in one action would be impracticable.

**ANSWER:** This answering defendant denies the allegations of Paragraph 17

5

18.     Upon information and belief, there are over 100 persons to whom the Defendants provided an electronically printed receipt at the point of sale or transaction, in a transaction occurring in Illinois after June 3, 2008, which receipt displays the expiration date of the person's credit card or debit card,

**ANSWER:**     This answering defendant denies the allegations of Paragraph 18.

19.     Plaintiffs' claims are typical of the claims of the class members. All are based on the same legal theories and arise from the same unlawful, negligent, reckless and/or willfull conduct.

**ANSWER:**     This answering defendant denies the allegations of Paragraph 19.

20.     There are common questions of fact and law affecting members of the class, which common questions predominate over questions which may affect individual members. These include the following:

      a.     Whether Defendants had a practice of providing customers with a sales or transaction receipt on which Defendants printed the expiration date of the credit card or debit card;

      b.     Whether Defendants thereby violated FACTA;

      c.     Whether Defendants' conduct was negligent, reckless or willful;

      d.     Identification and involvement of the Doe Defendants.

**ANSWER:**     This answering defendant denies each and every allegation of Paragraph 20, including sub-paragraphs a-d.

21.     Plaintiffs will fairly and adequately represent the class members. Plaintiffs have no interests that conflict with the interests of the class members. Plaintiffs have retained experienced counsel.

**ANSWER:**    This answering defendant has insufficient information to form a belief as to the truth or falsity of the plaintiffs' allegation that they have retained experienced counsel and therefore deny the same. This answering defendant denies the remaining allegations of paragraph 21.

22.    A class action is superior to other available means for the fair and efficient adjudication of the claims of the class members. Individual actions are not economically feasible.

**ANSWER:**    This answering defendant denies the allegations of Paragraph 22.

## VIOLATION ALLEGED

23.    Defendant violated 15 U.S.C. §1681c(g)(1), which provides, in relevant part, that:

> **... no person that accepts credit cards or debit cards for the transaction of business shall print more than the last five digits of the card number <u>or</u> the expiration date upon any receipt provided to the cardholder at the point of sale or transaction.**

15 U.S.C. §1681c(g)(1).

**ANSWER:**    This answering defendant admits that 15 U.S.C. § 1681c(g)(1) provides substantially as quoted in Paragraph 23, but denies that the word "or" is underlined in the text of the statute. This answering defendant denies the remaining allegations of paragraph 23, including any and allegations that it violated FACTA or any other law.

24.    With respect to machines that were first put into use after January 1, 2005, 15 U.S.C. §1681c(g)(3)(B) required immediate compliance with the provisions of 15 U.S.C. §1681c(g)(1).

**ANSWER:**    This answering defendant denies the allegations of paragraph 24.

25.     With respect to machines that were in use before January 1, 2005, 15 U.S.C. §1681c(g)(3)(A) required compliance with the provisions of 15 U.S.C. §1681c(g)(1) on or after December 4, 2006.

> **ANSWER:**     This answering defendant admits that 15 U.S.C. § 1681c(g)(3)(A) provides as stated in Paragraph 25.

26.     Defendants accept credit cards and/or debit cards in the course of transacting business with persons such as Plaintiffs and the class members. In transacting such business, Defendants use cash registers and/or other machines or devices that electronically print receipts for credit card and/or debit card transactions.

> **ANSWER:**     This Defendant admits that it accepts credit cards and or debit cards in the course of transacting business and that, in transacting such business, it uses cash registers and/or other machines or devices that electronically print receipts for credit card and/or debit card transactions. This answering Defendant denies the remaining allegations of Paragraph 26.

27.     After the effective date of the statute and thereafter to date, Defendants, at the point of sale or transaction, provided Plaintiffs and each class member with one or more electronically printed receipts on each of which Defendants printed the expiration date of the credit card or debit card.

> **ANSWER:**     This answering defendant has insufficient information to form a belief as to the truth or falsity of the allegation of Paragraph 27 and therefore denies the same.

28.     FACTA was enacted in 2003 and gave merchants who accept credit card and/or debit cards up to three years to comply with its requirements, requiring compliance for all machines no later than December 4, 2006.

**ANSWER:**  This defendant admits the allegations of Paragraph 28.

29.  On information and belief, Defendants knew of the requirement concerning the truncation of credit and debit card numbers and prohibition on printing of expiration dates, but negligently, recklessly and/or willfully continued to print the expiration dates anyway.

**ANSWER:**  This defendant denies the allegations of Paragraph 29.

30.  On information and belief, VISA, MasterCard, the PCI Security Standards Council – a consortium founded by VISA, MasterCard, Discover, American Express and JCB – companies that sell cash registers and other devices for the processing of credit or debit card payments, and other entities informed Defendants about FACTA, including its specific requirements concerning the truncation of credit card and debit card numbers and prohibition on the printing of expiration dates, and Defendants' need to comply with the same.

**ANSWER:**  This defendant denies the allegations of Paragraph 30.

31.  The requirement was widely publicized among retailers.

**ANSWER:**  This defendant denies the allegations of Paragraph 31.

32.  Most of Defendants' business peers and competitors readily brought their credit card and debit card receipt printing process into compliance with FACTA by, for example, programming their card machines and devices to prevent them from printing the expiration date of the card upon the receipts provided to the cardholders.  Defendants could have readily done the same.

9

**ANSWER:**     This defendant denies the allegations of Paragraph 32.

33.     Defendants negligently, recklessly and/or willfully disregarded FACTA's requirements and continued to use cash registers or other machines or devices that print receipts in violation of FACTA.

**ANSWER:**     This defendant denies the allegations of Paragraph 33.

WHEREFORE, the Defendant, PIZZA PANINO'S, INC. d/b/a PANINO'S PIZZERIA, requests that this Court dismiss this Complaint with prejudice and with all costs awarded to the Defendant.

## DEFENDANT'S AFFIRMATIVE DEFENSES

NOW COMES the Defendant, PIZZA PANINO'S, INC. d/b/a PANINO'S PIZZERIA, by and through its attorneys, PURCELL & WARDROPE, CHTD., and without prejudice to its prior answers and denials and pleading in the alternative for its Affirmative Defenses states as follows:

## FIRST AFFIRMATIVE DEFENSE

Plaintiffs have suffered no actual damages, and an award of statutory and/or actual damages to Plaintiffs would violate Defendant's due process rights as they are disproportionate to the harm alleged and are excessive.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims for punitive or exemplary damages are barred because such relief would violate Defendant's due process rights.

### THIRD AFFIRMATIVE DEFENSE

The complaint is barred in whole or part to the extent that any conduct engaged in by Defendant was based on a mistake of fact or law.

### FOURTH AFFIRMATIVE DEFENSE

The loss, injury or damage, if any, incurred by Plaintiffs was the result of superseding or intervening causes arising from negligent or willful acts or omissions by parties which Defendant neither controlled nor had the right to control, and said losses, injuries, or damages were not proximately or legally caused by any act, omission, or other conduct by Defendant.

### FIFTH AFFIRMATIVE DEFENSE

Any claim by Plaintiffs for statutory damages, attorneys' fees and costs and punitive damages are barred because any violation of the applicable law was negligent, at worst, and not willful.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' complaint is barred because it was not brought in good faith, but is instead the product of an intentional act by Plaintiffs, perhaps in conspiracy with others, to cause a violation of the applicable law when the Plaintiffs knew that it did not and would not suffer any actual damages, in order to seek statutory remedies under the applicable law, rather than to redress a legitimate injury.

### SEVENTH AFFIRMATIVE DEFENSE

The complaint is barred by the doctrines of waiver, estoppel, unclean hands, or any such other equitable defenses that may apply, as the result of Plaintiffs' own conduct.

### EIGHTH AFFIRMATIVE DEFENSE

1.     On June 3, 2008, an amendment to FACTA was enacted.

2.     Said amendment reads as follows:

> For the purposes of this section, any person who printed an
> expiration date on any receipt provided to a consumer
> credit holder at a point of sale or transaction between
> December 4, 2004, and June 3, 2008 but otherwise
> compiled with the requirements of Section 605(g) for such
> receipt shall not be willful noncompliant with Section
> 605(g) by reasons of printing such expiration date on the
> receipt.

15 U.S.C. § 1681n(d).

3.     When Congress enacted this Amendment, it intended to relieve potential Defendants from liability for willful noncompliance with FACTA if said Defendants only violation involved printing of the expiration date of a consumer's credit or debit card on said consumer's receipt. *See Harris v. Wal-mart Stores*, 2008 WL 5085132 (N.D.Ill. Nov. 25, 2008) and *Aliano v. Amerigas Partners, L.P.*, 2008 WL 4671716 (N.D.Ill. Oct. 22, 2008) and Pub.L. No 110-241, § 2(b) and § 3(b) Scope of Application.

4.     Congress reached its decision in part based on evidence that it is near impossible to commit crimes like "identity theft" with the expiration date of a consumer's credit card or debit card alone. *See Harris v. Wal-mart Stores*, 2008 WL 5085132 (N.D.Ill. Nov. 25, 2008) and *Aliano v. Amerigas Partners, L.P.*, 2008 WL 4671716 (N.D.Ill. Oct. 22, 2008) and Pub.L. No 110-241, § 2(b) and § 3(b) Scope of Application.

5.     Where the same reasoning applies to the present case, in which it is alleged only that the Defendant willfully violated FACTA by tendering a receipt to the Plaintiff which displayed the expiration date of his credit or debit card, but not more than 5 digits of his credit card or debit card number, the Plaintiff's Complaint is barred by 15 U.S.C. § 1681n(d).

## NINTH AFFIRMATIVE DEFENSE

Defendant reserves the right to raise such additional defenses that may become apparent through discovery and the presentation of evidence in this action.

WHEREFORE, the Defendant, PIZZA PANINO'S, INC. d/b/a PANINO'S PIZZERIA, request that this Court dismiss this Complaint with prejudice and with all costs awarded to the Defendant.

Respectfully submitted,

PURCELL & WARDROPE, CHTD.

By:     /s/ Mark J. Mickiewicz
        Mark J. Mickiewicz
        Attorney for Defendant

PURCELL & WARDROPE, CHTD.
10 South LaSalle Street, Suite 1200
Chicago, IL 60603
Tel: (312) 427-3900
Fax: (312) 427-3944
E-mail: mjm@pw-law.com

### JURY DEMAND

Defendant demands trial by jury.

                                        /s/ Mark J. Mickiewicz
                                        Mark J. Mickiewicz
                                        Attorney for Defendant