4113 MJM; SI189

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ROBERT O'BRIEN and NICHOLAS MARTIN, Individually, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>PIZZA PANINOS, INC. d/b/a PANINO'S PIZZERIA, an Illinois Corporation, and DOES 1-10,<br><br>Defendants. | No: 10 CV 2991 |

## THE PARTIES JOINT MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AGREEMENT AND NOTICE TO THE CLASS

Plaintiffs ROBERT O'BRIEN and NICHOLAS MARTIN, individually, and on behalf of all others similarly situated, and Defendant, PIZZA PANINOS, INC. d/b/a PANINO'S PIZZERIA, respectfully request that this Court enter an order granting preliminary approval of the proposed class action Settlement Agreement ("Agreement") attached hereto as Appendix 1, approving the forms of the Class Notice attached thereto as Exhibits A-B and setting dates for exclusions, objections, and a hearing for final approval.

In support of this motion, the Parties state as follows:

1. Plaintiffs filed this action against the Defendant, Pizza Paninos, Inc. d/b/a Panino's Pizzeria ("Defendant") alleging willful violations of the Fair and Accurate Credit Transactions Act ("FACTA") amendment to the Fair Credit Reporting Act ("FCRA"). Specifically, Plaintiffs claim that the Defendant violated 15 U.S.C. §1681c(g) when each Plaintiff received from the Defendant a

computer-generated cash register receipt which displayed the expiration date of his credit card. Defendant denied the Plaintiffs' allegations.

2.  After engaging in discovery and participating in arms-length discussions, including a settlement conference with the Court, the parties reached an agreement to settle Plaintiffs' claims, and those of the Class as set forth in the Agreement. Appendix 1.

3.  Counsel for Plaintiffs and Defendant have reviewed and analyzed the legal and factual issues presented in this action, the risks and expense involved in pursuing the litigation to conclusion, the possibility of recovering damages in excess of those obtained through this settlement, the protracted nature of the litigation and the likelihood, costs and possible outcomes of one or more procedural and substantive appeals. Based upon their review and analysis, Plaintiffs and Defendant executed the Agreement.

4.  Pursuant to the Agreement:

    a.  Class Certification. The Parties stipulate to the certification of a class (the "Class") for settlement purposes, defined as:

    > All persons who, between June 3, 2008 and May 29, 2010, made a credit or debit card purchase at the Defendant's restaurant in Chicago, IL and received, at the point of sale or transaction, a printed receipt which displayed the expiration date of that person's credit or debit card.

    b.  Notice of Class Settlement. Defendant shall, within 14 days after entry of the Preliminary Approval Order, cause actual notice in the form of Exhibit A, to be published for two consecutive days in the *Chicago Tribune* with local circulation around the Defendant's Chicago restaurant. Notice, in the form of Exhibit B will also be published on a website maintained by Class Counsel. Additionally, notice of each Sale Event will be published regularly in the *Chicago*

*Reader*, on Defendant's website, and at Defendant's restaurant. All costs associated with the publication of notice of this settlement shall be paid by Defendant.

      c.    <u>Class Members' Right to Opt Out and Object</u>. Any person who falls within the Class definition may elect to "opt out" of the Settlement and thus exclude themselves from the Lawsuit and the Class. Any person who wishes to exercise this option must do so in writing by mail postmarked on or before the notice response deadline to Class Counsel at the address provided on the Class Notice. The person's election to opt-out must be signed by the Class member opting-out and must contain the following information: (1) the name of the Class member, (2) the current address of the Class member, (3) the date signed, and (4) a copy of the Panino's customer receipt. No Class member may opt-out through an actual or purported agent or attorney acting on behalf of the Class member unless a fully lawful power of attorney, letters testamentary or other comparable documentation or court order accompanies the request. Otherwise, those persons will be deemed to have forever waived their right to opt out of the Class. Any person who falls within the Class definition and properly opts out shall have no further role in the Lawsuit, shall not be bound by the release set forth in this Agreement, and shall not be entitled to any benefit from this settlement. After the notice response deadline, Class Counsel will promptly provide counsel for Panino's with a list of all persons submitting timely notice of their intent to opt out of the Class. Any Class member who timely excludes him/herself from this settlement shall not be bound by any prior Court order or the terms of the Agreement and shall not be entitled to any of the monetary benefits set forth in the Agreement.

Class members may also object to the Agreement by filing written objections with the Court, and serving those objections on Class Counsel and counsel for Panino's no later than the

notice response deadline. The Class Notice shall advise Class members of this option. Any objections must be in writing and timely submitted or else they are waived. Class Counsel and counsel for Panino's shall provide any such objections to the Court prior to the fairness hearing. The notice of objection must include the following information with the objection: (1) a statement of the desire to be heard at the fairness hearing and/or a statement of each objection asserted, (2) a detailed description of the facts underlying each objection (if any); and (3) a copy of any documents which the objector may offer during the fairness hearing, including a copy of the receipt giving rise to the objector's claims.

    d. <u>Class Recovery</u>. For the benefit of the Class members, Defendant shall hold 12 (twelve) Sale Events on 12 (twelve) separate dates over the course of one year, with each Sale Event taking place approximately one month after the previous Sale Event so that approximately one Sale Event is held every month for one calendar year. The first such Sale Event will take place within 30 days after the Effective Date of this Agreement with Notice to begin prior thereto as set forth below. At each Sale Event, any person (except employees of Defendant) making a dine-in, carry-out or delivery purchase transaction at or from the Defendant's restaurant in Chicago, IL shall receive an automatic discount of ten percent (10%) from the total pre-tax purchase price. This discount cannot be combined with any other coupon, discount, or sale. All persons, regardless of whether or not they are members of the Class, shall be entitled to receive the automatic discount on as many purchases as they make during each Sale Event. There is no cap on this relief. The Defendant shall keep its Chicago restaurant open for the entire normal business hours during the Sale Event. If an act of God or unforeseeable circumstances beyond its control causes Defendant's

Chicago restaurant to be unable to open for business on a day on which a Sale Event is scheduled, then Defendant shall hold the Sale Event on its next business day.

   e. <u>Recovery to Plaintiffs</u>. Defendant shall pay $2,000 to each Plaintiff for their services as Class Representatives, subject to Court approval.

   f. <u>Attorney's Fees and Costs</u>. Defendant shall pay attorney's fees and costs in the amount of $35,000 to Class Counsel, subject to Court approval.

   g. <u>Costs of Administration</u>. All costs associated with the publishing and posting of notice and advertising of the Sale Events pursuant to Paragraph 10 of the Agreement shall be paid by Defendant.

5. The Parties believe that the relief provided for under the Agreement is fair and reasonable especially in light of the Defendant's low net worth and Defendant's insurer's reservation of rights with respect to insurance coverage.

6. The Parties request that the Court set the following schedule for the proposed Settlement Agreement:

   a. Within 14 days after entry of the Preliminary Approval Order, the Defendant shall cause actual notice in the form of <u>Exhibit A</u>, to be published for two consecutive days in the *Chicago Tribune* with local circulation around the Defendant's Chicago restaurant.

   b. Within forty-five (45) days after the deadline for publication set forth in sub-paragraph (b) above, each Class Member wishing to do so shall opt out or object to this settlement, or file an appearance in this Lawsuit.

   c. Approximately 90 days following the deadline for publication set forth in sub-paragraph (b) above, this Court shall conduct a fairness hearing with respect to the Settlement

Agreement attached hereto.

7. A proposed preliminary approval order is attached as <u>Exhibit C</u> to the Settlement Agreement. A proposed final approval order is attached as <u>Exhibit D</u>.

8. In support of their motion, the parties submit their Memorandum in Support of Joint Motion for Preliminary Approval of Class Action Settlement, filed contemporaneously herewith.

WHEREFORE, Plaintiffs and Defendant respectfully requests that the Court enter the proposed order in the same or substantially similar form as <u>Exhibit C</u> to the Agreement, granting preliminary approval to the parties' Agreement.

Plaintiffs ROBERT O'BRIEN and NICHOLAS MARTIN, individually, and on behalf of all others similarly situated,

By: s/Thomas A. Zimmerman, Jr.
Thomas A. Zimmerman, Jr. (IL #6231944)
Adam M. Tamburelli (IL #6292017)
ZIMMERMAN LAW OFFICES, P.C.
77 West Washington Street, Suite 1220
Chicago, Illinois 60602
(312) 440-0020 telephone
(312) 440-4180 facsimile
www.attorneyzim.com

Counsel for the Plaintiffs and Class

Respectfully submitted,

PURCELL & WARDROPE, CHTD.

By: /s/ Mark J. Mickiewicz
Mark J. Mickiewicz
Attorney for Defendant

PURCELL & WARDROPE, CHTD.
10 South LaSalle Street, Suite 1200
Chicago, IL 60603
Tel: (312) 427-3900
Fax: (312) 427-3944
E-mail: mjm@pw-law.com

## CERTIFICATE OF SERVICE

I, Mark J Mickiewicz, hereby certify that on May 6, 2011, a copy of the foregoing document was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Mark J. Mickiewicz
PURCELL & WARDROPE, CHTD.
10 South LaSalle Street, Suite 1200
Chicago, IL 60603
Tel: (312) 427-3900
Fax: (312) 427-3944
E-mail: mjm@pw-law.com