4113 MJM; SI189

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT O'BRIEN and NICHOLAS MARTIN, Individually, and on behalf of all others similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No: 10 CV 2991 |
| PIZZA PANINOS, INC. d/b/a PANINO'S PIZZERIA, an Illinois Corporation, and DOES 1-10, | ) ) ) ) | |
| Defendants. | ) ) | |

## CLASS SETTLEMENT AGREEMENT

## RECITALS

1. **Parties.** This Class Settlement Agreement ("Agreement") is entered into between **ROBERT O'BRIEN and NICHOLAS MARTIN** ("Plaintiffs" or "Class Representatives"), on behalf of themselves and each of the Class Members as defined herein, on one hand, and **PIZZA PANINOS, INC. d/b/a PANINO'S PIZZERIA** ("Defendant" or "Panino's") on the other. The parties to this Agreement are collectively referenced as the "Parties."

2. **Nature of the Litigation.** Plaintiffs filed the above captioned action on behalf of themselves and the Class in the United States District Court for the Northern District of Illinois, Eastern Division (the "Lawsuit"), alleging willful violations of the Fair and Accurate Credit Transactions Act ("FACTA") amendment to the Fair Credit Reporting Act ("FCRA"). Specifically,

1

Plaintiffs claim that the Defendant violated 15 U.S.C. §1681c(g) when each Plaintiff received from the Defendant a computer-generated cash register receipt which displayed the expiration date of his credit card. Plaintiffs seek to recover for themselves and for each Class Member statutory damages for willful noncompliance with the FCRA. Panino's denies that it violated the FCRA, willfully or otherwise, and denies that the Class Members are entitled to any damages.

3. **Certification of Class.** The Parties stipulate to the certification of a class (the "Class") for settlement purposes, defined as:

> All persons who, between June 3, 2008 and May 29, 2010, made a credit or debit card purchase at the Defendant's restaurant in Chicago, IL and received, at the point of sale or transaction, a printed receipt which displayed the expiration date of that person's credit or debit card.

4. **Class Counsel.** In this Agreement, "Class Counsel" shall refer to Zimmerman Law Offices, P.C.

5. **Compromise of Disputed Claims.** Defendant denies liability to Plaintiffs and the Class for the claims alleged, but considers it desirable that the Lawsuit and the claims alleged therein be settled upon the terms and conditions set forth in this Agreement in order to avoid further expense and burdensome, protracted litigation, and to put to rest all claims, known or unknown, that have been or might be asserted by Plaintiff or the Class members against Defendant. The Plaintiffs, on behalf of themselves and the Class members, desire to settle their claims against Defendant, having taken into account through Class Counsel the risks, delay and difficulties involved in establishing a right to recovery in excess of that offered by this Agreement and the likelihood that the litigation will be further protracted and expensive. In consideration of the foregoing and other good and valuable consideration, Plaintiffs, counsel for the Class, and Defendant stipulate and agree

2

that the claims of the named Plaintiffs and the Class against Defendant in the Lawsuit should be and are hereby compromised and settled, subject to the approval of the Court, upon the following terms and conditions.

## TERMS

6.     **Effective Date.**  This Agreement shall become effective (hereinafter the "Effective Date") upon the expiration of 5 days after the date upon which the Court's final order, judgment, or decree approving this Agreement as fair, reasonable and adequate to the Class is entered.

7.     **Relief to Plaintiff and the Class.**

(a)     Within 30 days after the Effective Date of this Agreement, Defendant shall pay to each of the Plaintiffs, Robert O'Brien and Nicholas Martin, the lump sum of $2,000, for their services as Class Representatives, subject to Court approval.  Defendant agrees not to oppose Plaintiffs' request for approval of $2,000 (each) as their recovery.

(b)     For the benefit of the Class members, Defendant shall hold 12 (twelve) Sale Events on 12 (twelve) separate dates over the course of one year, with each Sale Event taking place approximately one month after the previous Sale Event so that approximately one Sale Event is held every month for one calendar year.  The first such Sale Event will take place within 30 days after the Effective Date of this Agreement with Notice to begin prior thereto as set forth below.  At each Sale Event, any person (except employees of Defendant) making a dine-in, carry-out and/or delivery purchase transaction at or from the Defendant's restaurant in Chicago, IL shall receive an automatic discount of ten percent (10%) from the total pre-tax purchase price.  This discount cannot be combined with any other coupon, discount, or sale.  All persons, regardless of whether or not they are members of the Class, shall be entitled to receive the automatic discount on as many purchases

3

as they make during each Sale Event. There is no cap on this relief. The Defendant shall keep its Chicago restaurant open for the entire normal business hours during the Sale Event. If an act of God or unforeseeable circumstances beyond its control causes Defendant's Chicago restaurant to be unable to open for business on a day on which a Sale Event is scheduled, then Defendant shall hold the Sale Event on its next business day.

8. **Attorney's Fees and Costs.** Within 30 days after the Effective Date of this Agreement, Defendant shall pay attorney's fees and costs in the lump sum of $35,000 to Class Counsel, subject to Court approval. Defendant agrees not to oppose a request by Class Counsel for approval of attorney's fees and costs in an amount not to exceed $35,000. Class Counsel's attorney's lien shall be automatically released upon receipt of said funds.

9. **Notice of Class Settlement.** Defendant shall, within 14 days after the entry of the Preliminary Approval Order, cause actual notice in the form of Exhibit A, to be published for two consecutive days in the *Chicago Tribune* with local circulation around the Defendant's Chicago restaurant. Notice, in the form of Exhibit B will also be published on a website maintained by Class Counsel. All costs associated with the publication of notice shall be paid by Defendant.

10. **Notice of Sale Events.** Subject to Court approval, within 14 days after the Effective Date of this Agreement, Defendant shall cause an advertisement of the first two Sale Events as described in Paragraph 7(b) above to be published for one day in the *Chicago Reader*. Said advertisement shall display the dates and terms of the first two Sale Events. Thereafter, the Defendant shall cause five additional advertisements to be published in the *Chicago Reader*. Each subsequent advertisement will be published within two months of the preceding advertisement and will display the dates and terms of the next two Sale Events taking place at the Defendant's

4

restaurant as provided in Paragraph 7(b) above. Notice in the *Chicago Reader* will be published a total of 6 times. The dates and terms displayed in all of the advertisements shall be consistent with this Agreement. Further, one week before each Sale Event, the Defendant shall cause an advertisement displaying the date and terms of the upcoming Sale Event to be published on its website and in its restaurant near its cash register. Both the website and in-store advertisements shall be posted throughout the week leading up to the Sale Event and shall be removed at the close of the Sale Event.

11. **Exclusions From And Objections To Settlement.**

(a) Any person who falls within the Class definition may elect to "opt out" of the Settlement and thus exclude themselves from the Lawsuit and the Class. Any person who wishes to exercise this option must do so in writing by mail postmarked on or before the notice response deadline to Class Counsel at the address provided on the Class Notice. The person's election to opt-out must be signed by the Class member opting-out and must contain the following information: (1) the name of the Class member, (2) the current address of the Class member, (3) the date signed, and (4) a copy of the Panino's customer receipt. No Class member may opt-out through an actual or purported agent or attorney acting on behalf of the Class member unless a fully lawful power of attorney, letters testamentary or other comparable documentation or court order accompanies the request. Otherwise, those persons will be deemed to have forever waived their right to opt out of the Class. Any person who falls within the Class definition and properly opts out shall have no further role in the Lawsuit, shall not be bound by the release set forth in this Agreement, and shall not be entitled to any benefit from this settlement. After the notice response deadline, Class Counsel will promptly provide counsel for Panino's with a list of all persons submitting timely

5

notice of their intent to opt out of the Class. Any Class member who timely excludes him/herself from this settlement shall not be bound by any prior Court order or the terms of the Agreement and shall not be entitled to any of the monetary benefits set forth in the Agreement.

(b)     Any Class member who has not filed a timely, valid and proper written request for exclusion and who wishes to object to the fairness, reasonableness or adequacy of this Agreement, or to any award of attorney's fees and expenses, must file the objection with the Court and serve a copy of said objection upon Class Counsel and counsel for Defendant within 45 days of entry of the preliminary approval order. The Class Notice shall advise Class members of this option. Any objections must be in writing and timely submitted or else they are waived. Class Counsel and counsel for Panino's shall provide any such objections to the Court prior to the fairness hearing. The notice of objection must include the following information with the objection: (1) a statement of the desire to be heard at the fairness hearing and/or a statement of each objection asserted, (2) a detailed description of the facts underlying each objection (if any); and (3) a copy of any documents which the objector may offer during the fairness hearing, including a copy of the receipt giving rise to the objector's claims.

12.     **Release.** Plaintiffs and each Class member who do not timely exclude themselves from this settlement will release and forever discharge Defendant, and its past, present or former parents, officers, directors, partners, members, principals, employees, agents, servants, predecessors, successors, subsidiaries, affiliates, shareholders, heirs, executors, trustees, attorneys, personal and legal representatives, beneficiaries, divisions, administrators, insurers, and assigns ("Released Parties") of and from all causes of action, suits, or claims, that were made or which could have been made by individuals comprising the Class or by Plaintiff on behalf of the above-defined Class in the

6

Lawsuit, for violations of the Fair and Accurate Credit Transactions Act amendment to the Fair

Credit Reporting Act as of the Effective Date of the Agreement. This release is conditioned upon

the approval of the Agreement by the Court and Defendant meeting its obligations therein.

13.    **Cooperation**  Plaintiffs, Defendant and their respective attorneys and agents agree to

cooperate fully with one another and to use their best efforts to effect the consummation of this

Agreement, and the settlement, under the terms specified in this Agreement.

14.    **Preliminary Approval**  As soon as practicable after execution of this Agreement,

the Parties shall make application to the Court for an order which:

     a.    Preliminarily approves this Agreement.

     b.    Schedules dates for objections, exclusions, and a hearing for final approval of this Agreement by the Court.

     c.    Approves the forms of Notice to the Class.

     d.    Finds that methods of Class Notice specified in Paragraphs 9 and 10 are the only forms of Notice required and that such Notice satisfies the requirements of due process and Rule 23 of the Federal Rules of Civil Procedure.

The Parties agree to propose the form of preliminary approval order attached hereto as

Exhibit C.

15.    **Final Approval**  Approximately 7 days prior to the final approval hearing, Class

Counsel and counsel for the Defendant shall file a motion requesting that the Court enter a Final

Order approving the terms of this Agreement as fair, reasonable and adequate, providing for the

implementation of those terms and provisions, finding that the notice given to the class satisfies

Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process, dismissing the

Lawsuit without prejudice and without costs (except as otherwise provided herein), and retaining

jurisdiction to enforce the provisions of this Agreement. The Final Order will also direct Defendant to file a certification with the Court within 14 days after the last Sale Event showing that the requisite notice and benefit to the Class as provided in Paragraphs 7(b) and 10 has been provided. Within fourteen (14) days after the filing of this certification, Defendant shall request the Court to enter an order dismissing the Lawsuit with prejudice. The Parties agree to submit a proposed Final Order in the form of Exhibit D to this Agreement.

16. **Notice of Exclusions and Objections**    Requests for exclusion and notice of objections to this Agreement shall be sent to:

Thomas A. Zimmerman, Jr.
ZIMMERMAN LAW OFFICES, P.C.
77 West Washington Street
Suite 1220
Chicago, IL 60602

and notices to the Defendant shall be sent to:

Mark J. Mickiewicz
PURCELL & WARDROPE, CHTD.
10 S. LaSalle Street, Suite 1200
Chicago, IL 60603

The persons and addresses designated in this paragraph may be changed by any signatory hereto by written notice to the other signatories hereto.

17. **Class Action Fairness Act** In compliance with Class Action Fairness Act, Defendant shall provide notice to appropriate federal and state officials under the Act. Said notice is to be sent by Defendant no more than ten days after the motion for preliminary approval is filed with the Court. The notice must comply with 28 U.S.C. §1715 and contain all necessary attachments referenced therein.

18.   **Termination Of The Agreement**   If the Court does not approve this settlement and the terms of this Agreement as set forth herein, or if the settlement and Agreement do not receive final approval after review by any court of competent jurisdiction for any reason, or is otherwise terminated in accordance with its terms, the Parties will be returned to their status immediately prior to execution of the Agreement as if this Agreement had never been made. Accordingly, upon any such termination for any reason, the Parties will be deemed to have preserved all their substantive or procedural rights or defenses with respect to the Lawsuit as of the date of execution of this Agreement.

19.   **Miscellaneous**

(a)   This is an integrated Agreement that supersedes all prior representations and agreements, if any, between the parties to this Agreement and their legal counsel. The Parties represent that they have not relied on any statements, oral or written, in making their decisions to enter into this Agreement. This Agreement may not be altered, amended or extinguished except by a writing that expressly refers to this Agreement and is signed subsequent to the execution of this Agreement by the Parties.

(b)   The Parties agree that any rule of interpretation to the effect that ambiguities are to be resolved against the drafting party shall not apply to the interpretation of this Agreement. The Parties acknowledge that they are all represented by counsel and had input into the drafting of this Agreement.

(c)   This Agreement shall be governed and interpreted by the law of the State of Illinois without regard to its choice of law rules.

(d)   This Agreement may be executed in counterparts, each of which shall be

9

deemed to be an original, and such counterparts together shall constitute one and the same instrument. Facsimile signatures are acceptable for the execution of this Agreement.

(e)     The Parties further represent, warrant, and agree that, in executing this Agreement, they do so with full knowledge of any and all rights which they may have with respect to the claims released in this Agreement and that they have received independent legal advice from their attorneys with regard to the facts involved and the controversy herein compromised and with regard to their rights arising out of such facts.

(f)     This Agreement shall be binding upon and shall inure to the benefit of the parties hereto, and to their respective agents, employees, representatives, trustees, officers, directors, shareholders, divisions, parent corporations, subsidiaries, heirs, assigns, and successors in interest.

(g)     Each of the individuals executing this Agreement warrants that he or she has authority to enter into the Agreement and legally bind the party for which he or she is signing.

IN WITNESS WHEREOF, the parties hereto, acting by and through their respective counsel of record, have so agreed, on ___May 5_____, 2011.

**[Signature Pages to Follow]**

**For Plaintiffs and the Class Members:**

Robert O'Brien                               Date    4/29/11

Nicolas Martin                               Date

**For Class Counsel with respect to release of attorneys' lien:**

Thomas A. Zimmerman, Jr.
ZIMMERMAN LAW OFFICES, P.C.
77 West Washington Street
Suite 1220
Chicago, IL 60602

**[Defendant's Signature Pages To Follow]**

**For Plaintiffs and the Class Members:**

_____

Robert O'Brien                    Date

_____

Nicholas Martin                   Date    4/29/2011

**For Class Counsel with respect to release of attorneys' lien:**

_____

Thomas A. Zimmerman, Jr.
ZIMMERMAN LAW OFFICES, P.C.
77 West Washington Street
Suite 1220
Chicago, IL 60602

**[Defendant's Signature Pages To Follow]**

11

**For Pizza Paninos, Inc. d/b/a Panino's Pizzeria:**

By: _____  5-5-11
                             _____
                                 Date

Title: _Secretary / Owner_

**Approved as to Form:**

_____
Mark J. Mickiewicz
PURCELL & WARDROPE, CHTD.
10 S. LaSalle Street, Suite 1200
Chicago, IL 60603
312-427-3900
312-427-3944

**EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

ROBERT O'BRIEN AND NICHOLAS MARTIN, INDIVIDUALLY, AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED V.
PIZZA PANINOS, INC. D/B/A PANINO'S PIZZERIA, CASE NO. 10 CV 2991

**NOTICE OF CERTIFIED
CLASS ACTION SETTLEMENT**

**To:** All persons who used a credit or debit card at Panino's Pizza in Chicago, IL between June 3, 2008 and May 29, 2010 – YOU ARE ELIGIBLE TO RECEIVE A DISCOUNT OF TEN PERCENT (10%) FROM THE TOTAL OF THE PRE-TAX PURCHASE PRICE OF ANY DINE-IN, CARRY OUT AND/OR DELIVERY PURCHASE TRANSACTION MADE FROM PANINO'S PIZZA IN CHICAGO, IL, as set forth below.

Your rights may be affected by a lawsuit pending in the United States District Court for the Northern District of Illinois (the "Court"). Robert O'Brien and Nicholas Martin ("Plaintiffs"), on behalf of all members of the class, have alleged that Pizza Panino's, Inc. d/b/a Panino's Pizzeria ("Panino's") violated certain requirements imposed by the Fair and Accurate Credit Transactions Act ("FACTA"). Specifically, Plaintiffs claim that Panino's printed the expiration dates of its customers' credit or debit cards on guest receipts presented to them at Panino's Pizza in Chicago, IL, in violation of FACTA as specifically set forth in the Complaint on file and available at the Court at the Dirksen Federal Building, 219 South Dearborn Street, Chicago, Illinois 60604. NEITHER PLAINTIFF NOR ANY CLASS MEMBER HAS SUSTAINED ANY ACTUAL MONETARY INJURY AS A RESULT OF THE ISSUES IN DISPUTE IN THIS LITIGATION. HOWEVER, THE SETTLING PARTIES AGREE THAT FACTA PROHIBITS THE DISPLAY OF CREDIT OR DEBIT CARD EXPIRATION DATES ON CREDIT AND DEBIT CARD RECEIPTS PRESENTED TO CUSTOMERS AT THE POINT OF SALE.

Under the terms of the settlement, class members and any other member of the public making a dine-in, carry-out and/or delivery purchase transaction at or from the Defendant's restaurant in Chicago, IL shall receive an automatic discount of ten percent (10%) from the total pre-tax purchase price during any or all of twelve (12) Sale Events to be held over the course of one calendar year at Panino's Pizza in Chicago, IL. The Settlement also imposes certain other requirements and limitations, which are set forth in detail in the Settlement Agreement. The Court has appointed Thomas A. Zimmerman, Jr., as class counsel to represent the Plaintiff and the interests of the absent class members. The Court will hold a hearing in this case at _____ a.m. on _____, 2011, to consider whether to approve the settlement, a request by class counsel for attorneys' fees and costs in the amount of $35,000, and a $2,000 incentive award to each of the Class Representatives.

Class members and any other member of the public need only make a purchase (or multiple purchases) from Panino's Pizza in Chicago, IL during any or all of the Sale Events which will be advertised in the *Chicago Reader*, in the restaurant itself, and on Panino's website at http://www.paninospizzeria.com, and you will automatically receive a 10% discount from your purchase price.

If you elect to be excluded from the class, you will not be bound by the terms and releases of the settlement or judgment of dismissal and orders in the above-captioned action. Any class member who does not request to be excluded will automatically be included in this action as a member of the class represented by the Plaintiffs, will be subject to and deemed to consent to the jurisdiction of the Court and its orders, and will be deemed to have released and thereafter be forever barred from asserting against the released parties any claims covered by the Settlement Agreement.

If you do not wish to participate in this settlement, you must notify Class Counsel in writing of your intention to be excluded. Your election to opt-out must be signed by the class member opting-out and must contain the following information: (1) the name of the class member, (2) the current address of the class member, (3) the date signed, and (4) a copy of the Panino's customer's receipt(s). The letter must be postmarked on or before _____, 2011, and must be addressed to the following: Thomas A. Zimmerman, Jr., ZIMMERMAN LAW OFFICES, P.C., 77 West Washington Street, Suite 1220, Chicago, IL 60602.

Only class members may object to the settlement, and persons who opt-out of the class may not object to the Settlement Agreement. Any class member who wishes to be heard orally at the Fairness Hearing, or who wishes for any objection to be considered, must file a written notice of objection by _____, 2011, and include the following information with the objection: (1) a statement of the desire to be heard at the Fairness Hearing and/or a statement of each objection asserted, (2) a detailed description of the facts underlying each objection (if any); and (3) a copy of any documents which the objector may offer during the Fairness Hearing, including a copy of the receipt giving rise to your claims.

The objector must file the above documents with the Clerk of the Court at the Dirksen Federal Building, 219 South Dearborn Street, Chicago, Illinois 60604, and serve notice of the objection to Thomas A. Zimmerman, Jr., ZIMMERMAN LAW OFFICES, P.C., 77 West Washington Street, Suite 1220, Chicago, IL 60602, as well as defense counsel, at the following address: Mark J. Mickiewicz, PURCELL & WARDROPE, CHTD., 10 S. LaSalle Street, Suite 1200, Chicago, IL 60603

This is only a summary of the circumstances surrounding the litigation, the claims asserted, the class, the Settlement, and related matters. For more detailed information, you may review a copy of the full Settlement Agreement, the pleadings, records, and other papers on file in this litigation, which may be inspected during regular business hours at the Court.

If you wish to communicate with Class Counsel, you may do so by writing to Thomas A. Zimmerman, Jr., ZIMMERMAN LAW OFFICES, P.C., 77 West Washington Street, Suite 1220, Chicago, IL 60602; alternatively, you may call the offices of the firm at (312) 440-0020.

This notice is not to be construed as an expression of any opinion by the District Court with respect to the merits of the respective claims or defenses of the parties.

*/s/ The Honorable Geraldine Soat Brown,*
United States Magistrate Judge

IF YOU HAVE ANY QUESTIONS OR CONCERNS, ADDRESS ALL INQUIRIES IN THE MANNER SET FORTH ABOVE. THE COURT AND THE CLERK WILL NOT ANSWER LEGAL QUESTIONS FROM INDIVIDUAL CLAIMANTS. BY ISSUING THIS NOTICE, THE COURT EXPRESSES NO OPINION AS TO THE MERITS OF ANY CLAIMS OR DEFENSES ASSERTED IN THIS CIVIL ACTION. **PLEASE DO NOT CONTACT THE COURT.**

**EXHIBIT B**

4113 MJM; SI189

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

ROBERT O'BRIEN and NICHOLAS MARTIN,　)
Individually, and on behalf of all others similarly　)
situated,　)
　　　　　)
　　Plaintiffs,　)
　　　　　)
v.　)　　No: 10 CV 2991
　　　　　)
PIZZA PANINOS, INC. d/b/a PANINO'S　)
PIZZERIA, an Illinois Corporation, and　)
DOES 1-10,　)
　　　　　)
　　Defendants.　)

## NOTICE OF
## CERTIFIED CLASS ACTION SETTLEMENT

**To:** All persons who used a credit or debit card at Panino's Pizza in Chicago, IL between June 3, 2008 and May 29, 2010 -- **YOU ARE ELIGIBLE TO RECEIVE A DISCOUNT OF TEN PERCENT (10%) FROM THE TOTAL OF THE PRE-TAX PURCHASE PRICE OF ANY DINE-IN, CARRY OUT AND/OR DELIVERY PURCHASE TRANSACTION MADE FROM PANINO'S PIZZA IN CHICAGO, IL,** as set forth below.

**YOU HAVE NOT BEEN SUED. THIS NOTICE IS INTENDED TO INFORM YOU ABOUT LITIGATION THAT MAY AFFECT YOUR LEGAL RIGHTS. PLEASE READ IT CAREFULLY.**

On behalf of the named plaintiffs and all members of the class, the United States District Court for the Northern District of Illinois (the "Court") has preliminarily approved a settlement. This notice is not to be construed as an expression of any opinion by the Court with respect to the merits of the respective claims or defenses of the parties. Rather, this notice is sent merely to inform you of legal rights you may have with respect to the settlement.

## I.　BACKGROUND OF THE LITIGATION.

Robert O'Brien and Nicholas Martin, on behalf of all members of the class, ("Plaintiffs") have alleged that Pizza Panino's, Inc. d/b/a Panino's Pizzeria ("Panino's") violated certain requirements imposed by the Fair and Accurate Credit Transactions Act ("FACTA"). Specifically, Plaintiffs claim that Panino's printed the expiration dates of its customers' credit or debit cards on guest receipts presented to them at Panino's Pizza in Chicago, IL, in violation of FACTA, as specifically set forth in the Complaint on file and available at the Court at the Dirksen Federal Building, 219 South Dearborn Street, Chicago, Illinois 60604. NEITHER PLAINTIFFS NOR

ANY CLASS MEMBER HAS SUSTAINED ANY ACTUAL MONETARY INJURY AS A RESULT OF THE ISSUES IN DISPUTE IN THIS LITIGATION. HOWEVER, THE SETTLING PARTIES AGREE THAT FACTA PROHIBITS THE DISPLAY OF CREDIT OR DEBIT CARD EXPIRATION DATES ON CREDIT AND DEBIT CARD RECEIPTS PRESENTED TO CUSTOMERS AT THE POINT OF SALE.

## II. CURRENT STATUS.

On _____, 2011, the Court preliminarily approved the settlement for the class as fair, adequate, and reasonable. If finally approved, the settlement will certify a class that will bind the named plaintiffs and all absent class members who do not exclude themselves from the class.

Under the terms of the settlement, class members and any other members of the public making a dine-in, carry-out and/or delivery purchase transaction at or from the Defendant's restaurant in Chicago, IL shall receive an automatic discount of ten percent (10%) from the total pre-tax purchase price during any or all of twelve (12) Sale Events to be held over the course of one calendar year at Panino's Pizza in Chicago, IL.

The amount paid in this settlement reflects an evaluation of the claims and potential recovery, considering the facts as known to counsel after discovery and careful investigation, the likelihood of prevailing at trial, and the likelihood that this litigation, if not settled now, would be further protracted and involve complex issues of fact and law. The amount is also based upon an evaluation of the potential recovery available under FACTA.

Class counsel believes that the settlement is fair and reasonable and that the class

members should accept this settlement. In light of the risks and expenses of litigation and Panino's potential defenses, class counsel believes it is in the best interests of the class that the case be settled and that the settlement terms are fair and reasonable.

## III. EFFECT OF SETTLEMENT ON CLASS MEMBERS.

If you elect to be excluded from the class, you will not be bound by the terms and releases of the settlement or judgment of dismissal and orders in the above-captioned action. Any class member who does not request to be excluded will automatically be included in this action as a member of the class represented by the named plaintiffs, will be subject to and deemed to consent to the jurisdiction of the Court and its orders, and will be deemed to have released and thereafter be forever barred from asserting any claims against the released parties with respect to any credit or debit account information that was printed on a receipt presented to such class member at the point of sale during the class period (June 3, 2008 through May 29, 2010). A complete description of the released claims is available in the Court file maintained at the Dirksen Federal Building, 219 South Dearborn Street, Chicago, Illinois 60604.

## IV. EXCLUSION FROM THE CLASS.

If you do not wish to participate in this settlement, you must notify Class Counsel in writing of your intention to be excluded. Your election to opt-out must be signed by the class member opting-out and must contain the following information: (1) the name of the class member, (2) the current address of the class member, (3) the date signed, and (4) a copy of the Panino's customer receipt. No class member may opt-out through an actual or purported agent

or attorney acting on behalf of the class member unless a fully lawful power of attorney, letters testamentary or other comparable documentation or court order accompanies the request. Further, the letter must be postmarked on or before _____, **2011,** and must be addressed to the following: Thomas A. Zimmerman, Jr., ZIMMERMAN LAW OFFICES, P.C., 77 West Washington Street, Suite 1220, Chicago, IL 60602. Failure to opt-out by the deadline, or to follow the above procedures, will result in a class member being bound by any judgments and orders in this case.

## V. OBJECTIONS TO THE SETTLEMENT AND RIGHT TO INTERVENE.

Only class members may object to the settlement, and persons who opt-out of the class may not object to the settlement agreement. If you wish, you may enter an appearance in the action personally or through your own attorney at your own expense. You may also seek to intervene if at any time you believe your interests are not being fairly and adequately represented by the class representative and class counsel.

Any class member who wishes to be heard orally at the Fairness Hearing, or who wishes for any objection to be considered, must file a written notice of objection by _____, **2011,** and include the following information with the objection: (1) a statement of the desire to be heard at the Fairness Hearing and/or a statement of each objection asserted, (2) a detailed description of the facts underlying each objection (if any); and (3) a copy of any documents which the objector may offer during the Fairness Hearing, including a copy of the receipt giving rise to your claims.

On or before _____, **2011,** the objector must file the above documents with the Clerk of the Court at the Dirksen Federal Building, 219 South Dearborn Street, Chicago, Illinois 60604, and serve notice of the objection to plaintiffs' class counsel and defense counsel at the following addresses:

> Thomas A. Zimmerman, Jr.
> ZIMMERMAN LAW OFFICES, P.C.
> 77 West Washington Street
> Suite 1220
> Chicago, IL 60602

> Mark J. Mickiewicz
> PURCELL & WARDROPE, CHTD.
> 10 S. LaSalle Street, Suite 1200
> Chicago, IL 60603

Objectors who fail to properly or timely file their objections with the Court, or to serve them as provided above, shall not be heard during the Fairness Hearing, nor shall their objections be considered by the Court.

## VI. FINAL FAIRNESS HEARING.

The District Court will hold a hearing to decide whether to approve the settlement. You may attend and you may be able to speak, but it is not required. The Fairness Hearing will be held at _____ a.m. on _____, **2011** at the Court at the Dirksen Federal Building, 219 South Dearborn Street, Room No. 1812, Chicago, Illinois 60604. At this hearing, the Court will consider whether the settlement is fair, reasonable, and adequate. If there are objections or requests to be heard, the Court may consider them at the hearing. Defendant has agreed to pay class counsel fees and costs in the amount of $35,000.00. The Court must approve this amount.

## QUESTIONS AND ANSWERS

1. **WHAT DO I NEED TO DO TO PARTICIPATE IN THE SETTLEMENT?**

(a) If you believe you are a member of the class and desire to participate in this settlement, you need only make a purchase (or multiple purchases) from Panino's Pizza in Chicago, IL during any or all of the Sale Events which will be advertised in the *Chicago Reader*, in the restaurant itself, and on Panino's website at http://www.paninospizzeria.com.

2. **WHO REPRESENTS THE CLASS?**

(a) **Class Representative**: The named plaintiffs are the class representatives and each named plaintiff alleges that he received a receipt from Panino's at the point of sale that displayed the expiration date of his credit card.

The class representatives have assisted class counsel in coordinating the prosecution of this action and in providing information needed to pursue the claims of all class members. The class representatives will be applying for an incentive award of $2,000.00 each, which the Defendant has agreed to pay separately, and not from amounts available for class members.

(b) **Class Counsel**: In its order granting preliminary approval of the settlement and certifying the class for settlement, the District Court appointed Thomas A. Zimmerman, Jr., as class counsel to represent the named plaintiffs and to represent the interests of the absent class members.

3. **WHERE DO I GET ADDITIONAL INFORMATION?**

(a) The foregoing is only a summary of the circumstances surrounding the litigation, the claims asserted, the class, the settlement, and related matters. You may seek the advice and guidance of your own private attorney, at your own expense, if you desire. For more detailed information, you may review the pleadings, records, and other papers on file in this litigation, which may be inspected during regular business hours at the Court at the Dirksen Federal Building, 219 South Dearborn Street, Chicago, Illinois 60604. If you wish to communicate with class counsel identified above, you may do so by writing to Thomas A. Zimmerman, Jr., ZIMMERMAN LAW OFFICES, P.C., 77 West Washington Street, Suite 1220, Chicago, IL 60602; alternatively, you may call the offices of the firm at (312) 440-0020.

*/s/ The Honorable Geraldine Soat Brown*
United States Magistrate Judge

**EXHIBIT C**

4113 MJM; SI189

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT O'BRIEN and NICHOLAS MARTIN, Individually, and on behalf of all others similarly situated, | ) ) ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No: 10 CV 2991 |
| | ) | |
| PIZZA PANINOS, INC. d/b/a PANINO'S PIZZERIA, an Illinois Corporation, and DOES 1-10, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

## ORDER GRANTING PRELIMINARY APPROVAL OF PROPOSED CLASS ACTION SETTLEMENT, DIRECTING THE DISSEMINATION OF NOTICE, AND SCHEDULING A FINAL SETTLEMENT HEARING

The Court has considered the Class Action Settlement Agreement entered into by the parties and its exhibits, the joint motion of the Settling Parties for an order preliminarily approving a class action settlement, directing the dissemination of notice and setting a final settlement hearing, and all other papers filed in this action. The matter having been submitted and good cause appearing therefore:

The Court finds as follows:

1.    All defined terms contained herein shall have the same meanings as set forth in the Class Action Settlement Agreement executed by the Settling Parties and filed with this Court (the "Settlement Agreement");

2.    The Class Representatives and Pizza Panino's, Inc. d/b/a Panino's Pizzaeria ("Panino's"), through their counsel of record in the Litigation, have reached an agreement to settle all claims in the Litigation;

3.     The Court preliminarily concludes that, for the purposes of approving this settlement only and for no other purpose and with no other effect on the Litigation should the proposed Settlement Agreement not ultimately be approved or should the Effective Date not occur, the proposed Class likely meets the requirements for certification under Rule 23 of the Federal Rules of Civil Procedure:  (a) the proposed Class is ascertainable and so numerous that joinder of all Members of the Class is impracticable; (b) there are questions of law or fact common to the proposed Class, and there is a well-defined community of interest among members of the proposed Class with respect to the subject matter of the Litigation; (c) the claims of Class Representatives Robert O'Brien and Nicholas Martin are typical of the claims of the members of the proposed Class; (d) Class Representatives Robert O'Brien and Nicholas Martin will fairly and adequately protect the interests of the Members of the Class; (e) a class action is superior to other available methods for an efficient adjudication of this controversy; (f) the counsel of record for the Class Representative, *i.e.,* Thomas A. Zimmerman, Jr. of the Zimmerman Law Offices, P.C., is qualified to serve as counsel for the Class Representatives in their own capacity as well as their representative capacity and for the Class; and (g) common issues will likely predominate over individual issues;

4.     The moving parties also have presented to the Court for review a Class Action Settlement Agreement. The Settlement Agreement proposes a Settlement that is within the range of reasonableness and meets the requirements for preliminary approval; and

5.     The moving parties have presented to the Court for review a plan to provide notice to the proposed Class of the terms of the settlement and the various options the Class has, including, among other things, the option for Class Members to opt-out of the class action settlement; the option to be represented by counsel of their choosing and to object to the

proposed settlement. The notice will be published consistent with the Settlement Agreement. The notice proposed by the Settling Parties (i) constitutes the best notice practicable under the circumstances to all persons within the definition of the Class, (ii) is reasonably calculated, under the circumstances, to apprise Class Members of the pendency of the Litigation and their right to object or to exclude themselves from the settlement, (iii) is reasonable and constitutes due, adequate and sufficient notice to all persons entitled to receive notice, (iv) complies fully with the requirements of Fed. R. Civ. P. 23(c)(2)(B), all substantive and procedural due process rights guaranteed by the Illinois Constitution and the United States Constitution, and any other applicable law, and (v) is the only Notice required of the Settlement.

Good cause appearing therefore, **IT IS HEREBY ORDERED** that:

1.  Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Settlement Agreement is preliminarily approved.

2.  The Court certifies the following Class solely for the purpose of effectuating the Settlement:

> All persons who, between June 3, 2008 and May 29, 2010, made a credit or debit card purchase at the Defendant's restaurant in Chicago, IL and received, at the point of sale or transaction, a printed receipt which displayed the expiration date of that person's credit or debit card.

The Court expressly reserves the right to determine, should the occasion arise, whether the above-captioned Litigation may continue to be certified as a class action for purposes other than settlement, and Panino's retains all rights to assert that the Litigation may not be certified as a class action except for settlement purposes.

3.  The Court preliminarily approves the settlement of the Litigation set forth in the Settlement Agreement as being fair, just, reasonable and adequate as to each of the Settling Parties and Class Members, and sufficient to warrant dissemination of Notice to the Class. This

determination permitting Notice to the Class is not a final finding, but is a determination that there is probable cause to submit the proposed settlement to the Class Members and to hold a Fairness Hearing to consider the fairness, reasonableness, and adequacy of the proposed Settlement.

4.      The Court approves, as to form and content, for distribution to Class Members, the Published Notice in the form of Exhibit A to the Settlement Agreement.

5.      The Court approves, as to form and content, for distribution to Class Members, the Long Form Notice in the form of Exhibit B to the Settlement Agreement. The Court directs that the Long Form Notice be posted on Class Counsel's website (www.attorneyzim.com) and mailed by Class Counsel to all persons who request a copy from them.

6.      A hearing shall be held before this Court at _____ a.m. on _____, 2011 in Courtroom No. 1812, Dirksen Federal Building, 219 South Dearborn Street, Chicago, IL 60604, to consider whether the settlement should be given final approval by the Court:

> (a)     Written objections by Class Members to the proposed settlement will be considered if received by Class Counsel on or before the Notice Response Deadline;

> (b)     At the Settlement Hearing, Class Members may be heard orally in support of or, if they have timely submitted written objections, in opposition to the settlement; and

> (c)     Class Counsel and counsel for Panino's should be prepared at the hearing to respond to objections filed by Class Members and to provide other information as appropriate, bearing on whether or not the settlement should be approved.

7.      The Court finds that Robert O'Brien and Nicholas Martin are adequate representatives of the Class and are appointed the Class Representatives.

8.      The Court finds that Thomas A. Zimmerman, Jr. of Zimmerman Law Offices, P.C. will fairly and adequately represent the interests of the Class and is appointed as Class Counsel.

9.      In the event that the Effective Date occurs, all Class Members will be deemed to have forever released and discharged the Released Claims. In the event that the Effective Date does not occur for any reason whatsoever, the Settlement Agreement shall be deemed null and void and shall have no effect whatsoever.

10.     The Court may, for good cause, extend any of the deadlines set forth in this Order without notice to the Settlement Class.

**DATED:**                            By: _____
                                      MAGISTRATE JUDGE GERALDINE SOAT BROWN

**EXHIBIT D**

4113 MJM; SI189

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT O'BRIEN and NICHOLAS MARTIN, Individually, and on behalf of all others similarly situated, | ) ) ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No: 10 CV 2991 |
| | ) | |
| PIZZA PANINOS, INC. d/b/a PANINO'S PIZZERIA, an Illinois Corporation, and DOES 1-10, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

## ORDER GRANTING FINAL APPROVAL OF SETTLEMENT

Having considered the Class Action Settlement Agreement (the "Settlement Agreement") and all other materials properly before the Court, and having conducted an inquiry pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court finds that the Settlement Agreement was entered by all parties in good faith, and the Settlement Agreement is approved. The Court will simultaneously, or the Clerk of the Court shall, enter the Judgment provided in the Settlement Agreement. PIZZA PANINOS, INC. d/b/a PANINO'S PIZZERIA shall disseminate class relief to the Participating Claimants, Class Representatives, Charity and Class Counsel, as provided for in the Settlement Agreement.

DATED: _____, 2011     By: _____

MAGISTRATE JUDGE GERALDINE SOAT BROWN