4113 MJM; SI189

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT O'BRIEN and NICHOLAS MARTIN, Individually, and on behalf of all others similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No: 10 CV 2991 |
| PIZZA PANINOS, INC. d/b/a PANINOS PIZZERIA, an Illinois Corporation, and DOES 1-10, | ) ) ) ) | |
| Defendants. | ) | |

## JUDGMENT

This matter came to be heard upon the joint motion of the Settling Parties for approval of the settlement set forth in the Class Action Settlement Agreement (the "Settlement Agreement"), due and adequate notice having been given to the Class, and the Court having considered the Settlement Agreement, all papers filed and proceedings had herein and all oral and written comments received regarding the proposed settlement, and having reviewed the record in this Litigation, and good cause appearing,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:**

1. The Court, for purposes of this Judgment and Order of Dismissal ("Judgment"), adopts all defined terms as set forth in the Settlement Agreement filed in this case.

2. The Court has jurisdiction over the subject matter of the Litigation, the Class Representatives, the other Members of the Class and Pizza Paninos, Inc. d/b/a Paninos Pizzaeria ("Paninos").

3. The Court finds that the distribution of the Class Notice, as provided for in the Preliminary Approval Order, constituted the best notice practicable under the circumstances to

all persons within the definition of the Class and fully met the requirements of due process under the United States Constitution. Based on evidence and other material submitted in conjunction with the Settlement Hearing, the notice to the class was adequate.

4. The Court finds in favor of settlement approval.

5. The Court approves the settlement of the above-captioned action, as set forth in the Settlement Agreement, each of the releases and other terms, as fair, just, reasonable and adequate as to the Settling Parties. The Settling Parties are directed to perform in accordance with the terms set forth in the Settlement Agreement.

6. All of the Released Claims are dismissed with prejudice as to the Class Representative and the other Members of the Class. The Settling Parties are to bear their own attorneys' fees and costs, except as otherwise provided in the Settlement Agreement.

7. Solely for purposes of effectuating this settlement, this Court has certified a class of all Members of the Class, as that term is defined in and by the terms of the Settlement Agreement, as follows:

> All persons who, between June 3, 2008 and May 29, 2010, made a credit or debit card purchase at the Defendant's restaurant in Chicago, IL and received, at the point of sale or transaction, a printed receipt which displayed the expiration date of that person's credit or debit card.

8. With respect to the Class and for purposes of approving this settlement only, this Court finds and concludes that: (a) the Members of the Class are ascertainable and so numerous that joinder of all members is impracticable; (b) there are questions of law or fact common to the Class, and there is a well-defined community of interest among Members of the Class with respect to the subject matter of the Litigation; (c) the claims of Class Representatives, Robert O'Brien and Nicholas Martin, are typical of the claims of the Members of the Class; (d) the Class Representatives have fairly and adequately protected the interests of the Members of the

Class; (e) a class action is superior to other available methods for an efficient adjudication of this controversy and common issues predominate over individual issues; and (f) the counsel of record for the Class Representatives, *i.e.,* Thomas A. Zimmerman, Jr. of the Zimmerman Law Offices, P.C., is qualified to serve as counsel for the plaintiffs in their individual and representative capacities and for the Class, and Class Counsel has fairly and adequately protected the interests of the Members of the Class.

      9.      By this Judgment, the Class Representatives shall release, relinquish and discharge, and each of the Settlement Class Members shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished and discharged all Released Claims (including Unknown Claims), including, without limitation, all claims, demands, rights, liabilities and causes of action of every nature and description whatsoever including, without limitation, statutory, constitutional, contractual or common law claims, whether known or unknown, whether or not concealed or hidden, against Paninos and each of its affiliates, predecessors, successors, divisions, joint ventures and assigns, and each of those entities' past or present owners, directors, officers, employees, partners, members, principals, agents, underwriters, insurers, co-insurers, re-insurers, shareholders, attorneys, accountants or auditors, banks or investment banks, associates, personal or legal representatives, that accrued at any time on or prior to May 29, 2010, for any type of relief, including, without limitation, damages, unpaid costs, penalties, liquidated damages, punitive damages, interest, attorney fees, litigation costs, restitution, or equitable relief, based on any and all claims in any way related to the publication of cardholder account information, including but not limited to the expiration date of a customer's credit or debit card, upon a receipt provided to the cardholder at the point of sale of the transaction. This matter is hereby dismissed with prejudice.

10. Neither the Settlement Agreement, nor any act performed or document executed pursuant to or in furtherance of the settlement: (i) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of Paninos; or (ii) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of Paninos in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal. Paninos may file the Settlement Agreement and/or the Judgment from this Litigation in any other action that may be brought against it in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

11. The only Class Members entitled to relief pursuant to this Judgment are Participating Claimants and the Class Representative. Neither the Settlement Agreement nor this Judgment will result in the creation of any unpaid residue or residual.

12. The Court directs that, upon the Settlement becoming Final, Paninos shall conduct twelve (12) Sale Events in accordance with the Settlement Agreement, providing notice of each Sale Event as directed in the Agreement. Counsel for Paninos file a certification with the Court within 14 days after the last Sale Event showing that the requisite notice and benefit to the Class as provided in Paragraphs 7(b) and 10 of the Agreement has been provided.

13. Paninos has also agreed to pay each Plaintiff an incentive award in the amount of $2,000 and the Court finds this agreement to be fair and reasonable, and Paninos is directed to make such payment in accordance with the terms of the Settlement Agreement.

14. The Court reserves exclusive and continuing jurisdiction over the Litigation, the Class Representatives, the Class, and Paninos for the purposes of supervising the

implementation, enforcement, construction, administration, and interpretation of the Settlement Agreement and this Judgment.

15. This document shall constitute a judgment for purposes of Rule 58 of the Federal Rules of Civil Procedure.

16. The Court reserves ruling on Plaintiffs' application for an award of attorney's fees. Plaintiffs are given leave to file an amended application for an award of attorney's fees by August 26, 2011. Plaintiffs' amended application for an award of attorney's fees is set for hearing at 10:00 a.m. on September 13, 2011. The Court retains jurisdiction over this matter for the additional purpose of ruling on Plaintiffs' amended application for an award of attorney's fees.

**IT IS SO ORDERED.**

**DATED:** August 16, 2011   By: _____
                                 MAGISTRATE JUDGE GERALDINE SOAT BROWN

5